UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BENJAMIN CODY SOSSAMON,<br><br>Defendant. | Case No. 2:09-cr-00172-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant Benjamin Cody Sossamon's Motion for Early Termination of Supervised Release. (Dkt. 69.) For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

On October 29, 2008, an FBI special agent connected with Sossamon's internet address and downloaded child pornography files from a per-to-peer file sharing software program. The agent then forwarded this information to local FBI agents in Coeur d' Alene, Idaho, and they obtained a search warrant for Sossamon's home and computer. On February 24, 2009, FBI agents executed the search warrant on Sossamon's home. Sossamon admitted to downloading child pornography and stated that he continued to return to the images to look at them

"again and again" and described this as a "compulsion." A forensic examination of Sossamon's computer showed 25 images and a video depicting child pornography. Sossamon knew the images he downloaded would lead to his arrest.

Sossamon was convicted following his entry of a guilty plea to Possession of Sexually Explicit Images of Minors, in violation of 18 U.S.C. § 2252A(a)(5)(B) and sentenced to 18 months of imprisonment followed by 10 years of supervised release. (Dkt. 36.)

On August 12, 2014, Sossamon's supervised release was revoked for failing to complete treatment related to his sexual deviancy and a positive UA test for marijuana. (Dkts. 42, 65.) He was sentenced to 30 days of imprisonment followed by 9 years and 10 months of supervised release. (*Id.*) As of this date, Sossamon has served more than 7 years of his term of supervised release.

On October 15, 2021, Sossamon, through counsel, filed his motion for early termination of supervised release. (Dkt. 69.) Defense counsel represents that the Unites States Probation Officer assigned to the case, Lee Pierantoni, has reviewed the case and defers to the Court's judgment regarding the motion. The Government has filed an opposition to the motion. (Dkt. 71.)

## DISCUSSION

Because Sossamon has served more than a year of supervised release, the Court may terminate supervised release if it determines "that such action is

warranted by the conduct of the defendant [to be] released and [is in] the interest of justice." 18 U.S.C. § 3583(e)(1). To make this determination, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other rehabilitation treatment; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

The Court, having considered these factors, is not persuaded that early termination of supervised release is warranted. *See* § 3583(e)(1). The Court acknowledges that Sossamon has, with the exception of his violations noted above, performed well on supervision, and he is to be commended for his work in completing his court-ordered therapy and continuing therapy at his own expense; in retaining consistent employment; and in fostering what appears to be a healthy relationship with his family. His behavior does not, however, justify early termination. Performing well is what is expected of defendants on supervision. The probation officers are there to help defendants do precisely what Sossamon has

done: put their lives back on track and become contributing members of society. This Court has repeatedly concluded that performing well – even exceedingly well – on supervision is not enough to justify early termination. The Court does not find that this case is an exception in that regard and will therefore deny the motion for early termination of supervision.

## ORDER

**IT IS ORDERED that** Defendant Benjamin Cody Sossamon's Motion for Early Termination of Supervised Release (Dkt. 69) is **DENIED**.

DATED: January 6, 2022

B. Lynn Winmill
U.S. District Court Judge